PALMER, Associate Judge.
K.F. appeals his adjudication of guilt on the offense of trespass. Determining that the State failed to prove all the necessary elements of trespass, we reverse.
K.F. was charged with committing a burglary of an unoccupied dwelling.[1] At trial, a State witness testified that she heard glass break at a house across the *1232 street from her house and that she saw five boys outside the house trying to pry open the back door. She identified one of the boys as K.F., whom she saw pick up a rock and throw it at the house, breaking a window. She further testified that she did not see any of the boys inside the house. An officer testified that K.F. told him that he was at the property to watch, not to participate, and that another boy broke the window.
At the conclusion of the State’s case, K.F. moved for entry of a dismissal of the burglary charge, arguing that there was no evidence that he had entered the property, and that the building, which had no roof, did not qualify as a dwelling. The trial court found that the State failed to meet its burden of proof on the burglary charge because the house did not have a roof and thus did not qualify as a dwelling. The trial court then reduced the charge to trespass and, ultimately, found K.F. guilty of that charge. The trial court stated: “[PJutting it all together leads us to believe the defendant got in with a bunch of kids and threw a rock. That’s the case.” We conclude that, based upon the trial court’s factual determinations, the State failed to meet its burden of proving the crime of trespass.
Section 810.08 of the Florida Statutes (2006), defines the crime of trespass in a structure, in pertinent part as follows:
810.08 Trespass in structure or conveyance.—
(1) Whoever, without being authorized, licensed, or invited, willfully enters or remains in any structure or conveyance, or, having been authorized, licensed, or invited, is warned by the owner or lessee of the premises, or by a person authorized by the owner or lessee, to depart and refuses to do so, commits the offense of trespass in a structure or conveyance.
The trial court found, consistent with the testimony presented by the State’s witnesses, that K.F. never entered the building. Accordingly, K.F. could not be found guilty of violating that statute.
Section 810.09 of the Florida Statutes (2006), the trespass statute dealing with trespass on property other than a structure, provides:
810.09 Trespass on property other than structure or conveyance.—
(l)(a) A person who, without being authorized, licensed, or invited, willfully enters upon or remains in any property other than a structure or conveyance:
1. As to which notice against entering or remaining is given, either by actual communication to the offender or by posting, fencing, or cultivation as described in s. 810.011; or
2. If the property is the unenclosed curtilage of a dwelling and the offender enters or remains with the intent to commit an offense thereon, other than the offense of trespass, commits the offense of trespass on property other than structure or conveyance.
(b) As used in this section, the term “unenclosed curtilage” means the unenclosed land or grounds, and any outbuildings, that are directly and intimately adjacent to and connected with the dwelling and necessary, convenient, and habitually used in connection with that dwelling.
Since the trial court found that K.F. never entered the premises, K.F. was not guilty of violating this trespass statute either.
Accordingly, we reverse and remand for entry of a dismissal of the trespass count.

. See § 810.02(3), Fla. Stat. (2005).